UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
OSCAR VERA,

                                      Plaintiff,           **ACTION UNDER 29 U.S.C.§ 216(b)**

-v.-

                                                            **COMPLAINT**

BHG GROUP LLC and
BENJAMIN BERKOWITZ, individually,

                                   Defendants
------------------------------------------------------------X

      Plaintiff OSCAR VERA, by and through his attorneys, STILLMAN LEGAL PC., brings this Action on behalf of himself and other similarly situated employees of Defendants BHG GROUP LLC and BENJAMIN BERKOWITZ, Individually (collectively, the "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 USC §§ 201 et seq., the New York Labor Law ("NYLL") § 650 et seq., and related provisions from Title 12 of New York Codes, Rules, and Regulations ("NYCRR"), and alleges upon information and belief, as follows:

## NATURE OF THE ACTION

      1. This Complaint seeks to recover, inter alia, unpaid overtime wage compensation for Plaintiff, a former employee of Defendant BHG GROUP LLC, a New York Corporation with offices at 862 Mcdonald Ave, Brooklyn, NY 11218, and its principal, Defendant BENJAMIN BERKOWITZ. Plaintiff was hired directly by Defendant BENJAMIN BERKOWITZ, who not only set his work schedule but also consistently gave him daily orders and instructions regarding his duties. Defendant BENJAMIN BERKOWITZ also exercised disciplinary authority over Plaintiff, including, but not limited to, issuing warnings, reprimands, and implementing other disciplinary measures

as he deemed necessary. The Plaintiff alleges that the Defendants willfully failed to pay the required wages. The plaintiff was employed primarily as a mason; he worked with metal structures, assembled irons, and put bolts under the direct supervision and control of Defendant BENJAMIN BERKOWITZ.

2. At all relevant times, Defendants were required, under relevant New York State law, to compensate Plaintiff with overtime pay at one and one-half the regular rate for work exceeding forty (40) hours per work week.

3. However, despite such mandatory pay obligations, Defendants knowingly and willfully only compensated Plaintiff at a rate of $26 and $27 per hour and failed to pay Plaintiff his lawful overtime pay for the period from April 2022 until September 4, 2024. During this period, Plaintiff worked well in excess of forty (40) hours per workweek, as determined by the work schedule set by Defendant BENJAMIN BERKOWITZ. Defendant BENJAMIN BERKOWITZ regularly exercised his authority to require Plaintiff to work additional hours beyond his scheduled work hours without providing the requisite overtime compensation. This included instances from April 2022 until September 4, 2024, where Plaintiff was required to work approximately sixty-five (65) hours without receiving appropriate overtime pay.

4. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees; and at all times relevant to this Complaint, Defendants maintain a policy and practice of requiring Plaintiff and other employees to work without providing the overtime compensation required by federal and state law and regulations.

5. Plaintiff brings this action under the Wage Theft Prevention Act for Defendants' willful failure to provide written notice of wage rates in violation of said laws. This deliberate lack of transparency and communication from Defendant BENJAMIN BERKOWITZ caused significant injury in fact to the Plaintiff in the form of financial loss,

emotional distress, and confusion as it obstructed his ability to calculate his owed wages accurately. This failure was a direct result of Defendant BENJAMIN BERKOWITZ's negligent actions as the Plaintiff's employer, who was responsible for communicating wage rates.

6. Accordingly, Plaintiff now brings this Action on behalf of himself and those other similarly situated individuals, for federal and state claims relating to unpaid overtime wages and unpaid spread-of-hours wages, pursuant to the FLSA, 29 USC §§ 201 et seq., NYLL § 650 et seq., as recently amended

7. In connection therewith, Plaintiff seeks compensatory damages, liquidated damages, spread of hours pay, pre-judgment and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

8. Plaintiff further seeks certification of this action as an individual action on behalf of himself, individually pursuant to 29 U.S.C.§ 216(b).

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action under 28 USC § 1331, 29 USC §§ 216(b)(c), and 217; and 28 USC § 1337.

10. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction pursuant to 28 USC § 1367.

11. This Court is empowered to issue a declaratory judgment pursuant to 28 USC §§ 2201 and 2202.

12. Venue is proper in the Eastern District of New York, pursuant 28 USC § 1391(b)(c), because Defendants BHG GROUP LLC and BENJAMIN BERKOWITZ reside in this District, Plaintiff resides in this District, and because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## **PARTIES**

**Plaintiff**

13. Plaintiff OSCAR VERA is and was at all times relevant hereto an individual residing in New York.

14. Plaintiff OSCAR VERA was employed by BHG GROUP LLC, a New York Corporation, at its offices at 862 Mcdonald Ave, Brooklyn, NY 11218; his period of employment spanned from approximately April 2022 until September 4, 2024. During this period, his primary work duty was as a mason, he worked with metal structures, assembled iron frameworks, and installed bolts. His work schedule, including working hours and days, was determined and controlled by Defendant BENJAMIN BERKOWITZ. Moreover, BERKOWITZ had the authority to discipline VERA.

15. At all times relevant hereto, Plaintiff VERA was a covered employee within the meaning of the FLSA and the NYLL.

16. Plaintiff consents to being named a party herein, pursuant to 29 USC § 216(b), and brings these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 USC § 216(b).

**Defendants**

17. Defendant BHG GROUP LLC is, upon information and belief, a duly organized New York Corporation with its principal place of business located at 862 Mcdonald Ave, Brooklyn, NY 11218.

18. Upon information and belief, Defendant BHG GROUP LLC is engaged in interstate commerce in that it relies heavily on products that have been transported across state lines and generates annual gross revenues in excess of $500,000 per year, independent of excise taxes, for 2024, and were directly engaged in interstate commerce.

19. Upon information and belief, Defendant BENJAMIN BERKOWITZ is the President, Chief Executive Officer, manager, principal, or agent of Defendant BHG GROUP LLC.

20. Upon information and belief, and at all times relevant to the claims herein, Defendant BENJAMIN BERKOWITZ willfully and knowingly possessed operational control over Defendant BHG GROUP LLC by reason of his ownership interest, and control of significant functions of Defendant Corporation. Defendant BENJAMIN BERKOWITZ: (i) was known and referred to as "Boss" by Plaintiff and the other similarly situated employees of Defendant BHG GROUP LLC; (ii) personally hired Plaintiff, setting his wages and compensation; (iii) regularly established Plaintiff's work schedules and workload, giving him daily orders and instructions; (v) maintained and personally reviewed employee records; (vi) paid Plaintiff weekly wages; (vii) had the authority to and did in fact discipline Plaintiff during the course of his employment; and (viii) ultimately terminated Plaintiff's employment.

21. Defendant BENJAMIN BERKOWITZ acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2.

**COMMON FACTUAL ALLEGATIONS**
Defendants Constitute Joint Employers

22. Defendants owned and operated BHG GROUP LLC, a corporate entity principally engaged in Brooklyn, New York. At all relevant times, Defendants BHG GROUP LLC and BENJAMIN BERKOWITZ possessed operational control over the Defendant Corporation, possessed an ownership interest in the Defendant Corporation, and/or controlled significant functions of Defendant Corporation.

23. As part of their regular business practice, Defendants intentionally, willfully,

and repeatedly harmed Plaintiff OSCAR VERA and the other class member employees by engaging in a pattern and/or policy of violating the FLSA. This pattern and/or policy includes, inter alia, the following:

a. failing to pay employees, including Plaintiff OSCAR VERA, the applicable overtime rate (one and one-half the rate of regular pay) for work performed in excess of forty (40) hours per week, thus causing financial harm and distress;

b. failing to provide statutorily required wage and hour records or statements of pay received on multiple specific occasions (Specific dates will be provided during the discovery phase of the litigation process.) as required by the FLSA and the NYLL, in part to hide Defendants' violations of the wage and hour laws, and to systematically take advantage of Plaintiff and other similarly situated employees' relative lack of knowledge of wage and hour laws; and

24. Defendants have knowingly and willfully engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant financial damage, emotional distress, and other consequential damages to Plaintiff OSCAR VERA and the other class members.

25. Defendant BHG GROUP LLC, under the direct supervision and authority of Defendant BENJAMIN BERKOWITZ, acted in the interest of the Defendants with respect to its employees, the rate of and method of employee compensation was paid, and shared joint control over their employees.

26. At all times during the Plaintiff's employment, Defendants BHG GROUP LLC and BENJAMIN BERKOWITZ maintained significant control over the working conditions of Plaintiff and other similarly situated employees. This control was exercised through direct and daily involvement in setting work schedules, assigning tasks, implementing disciplinary actions, and determining the methods and rates of compensation. For

instance, Defendant BERKOWITZ personally set the Plaintiff's work hours, issued daily instructions, and decided on Plaintiff's compensation structure.

27. Defendants BHG GROUP LLC and BENJAMIN BERKOWITZ jointly employed Plaintiff and all similarly situated individuals and are Plaintiff's and all similarly situated individuals' employers within the meaning of 29 USC 201 et seq. and the NYLL.

28. Defendants BHG GROUP LLC and BENJAMIN BERKOWITZ are alleged to constitute a single employer of Plaintiff and/or similarly situated individuals, as it is claimed that any business divisions between them are not operationally distinct.

29. At all times relevant hereto, Plaintiff alleges that Defendants BHG GROUP LLC and BENJAMIN BERKOWITZ were his employers within the meaning of the FLSA, NYLL, and other applicable laws. These Defendants were directly involved in the hiring process of the Plaintiff, conducting interviews and making the final decision to employ the Plaintiff. Similarly, the Defendants were responsible for terminating the Plaintiff's employment, deciding to end the employment relationship. Such Defendants had the authority and power to hire and fire Plaintiff, as evidenced by the hiring process where the Defendants interviewed and selected the Plaintiff for the position, and the termination process where the Defendants decided to end the Plaintiff's employment. The Defendants also controlled the terms and conditions of the Plaintiff's employment, including work assignments and hours, as shown by the daily work schedules set by the Defendants and the specific tasks assigned to the Plaintiff. Furthermore, the Defendants determined the rate and method of any compensation in exchange for the Plaintiff's services, as demonstrated by the Defendants' decisions on the Plaintiff's salary and method of payment. Indeed, Defendants supervised Plaintiff's work schedule and conditions of his employment.

**Plaintiff OSCAR VERA**

30. Plaintiff worked from approximately April 2022 until September 4, 2024. Defendants employed plaintiff VERA at their 862 Mcdonald Ave, Brooklyn, NY 11218 facility. Plaintiff VERA was a mason; he worked with metal structures, assembled irons, put bolts, and did any additional tasks assigned by Defendant BERKOWITZ. In April 2022, the plaintiff began working at an hourly rate of $26. This rate was later increased to $27 per hour in December 2023. Around November 2023, the plaintiff suffered a work-related accident. In late December 2023, after his partial recovery, he returned to work in a modified position as a van driver to transport coworkers, a less physically demanding task that allowed him to continue working while recovering.

31. In this new role, the plaintiff worked from 6:30 A.M. to 7:00 P.M. (65 hours per week), transporting his coworkers at the beginning and end of the day, in addition to performing his regular duties. After dropping off the last colleague, he was to park the vehicle at a designated location before returning home. This schedule continued until April 2024, when the plaintiff took a month off for Jewish holidays. On June 5, 2024, the plaintiff returned to construction work for three weeks, then returned to driving duties until September 4, 2024. Prior to the accident, the plaintiff's hours were 6:30 A.M. to 5:00 P.M., forty-seven hours per week, Monday through Friday, with occasional work on Sundays (once or twice a month). He was entitled to a 15-minute break and 30 minutes for lunch. It is important to note that, despite working long hours, the plaintiff was not paid for the overtime hours worked, which was in clear violation of the applicable labor laws.

32. From April 11, 2022, until December 31, 2022, Plaintiff was paid $26 per hour, the underpayment per week was $97.50, and the total underpayment of that period of time was $3,705. From January 1, 2023, until November 1, 2023, Plaintiff was paid $26 per hour, the underpayment per week was $97.50, and the total

underpayment of that period of time was $4,192.50. From December 18, 2023, until December 31, 2023, Plaintiff was paid $27 per hour, the underpayment per week was $337.50, and the total underpayment of that period of time was $675. From January 1, 2024, until April 1, 2024, Plaintiff was paid $27 per hour, the underpayment per week was $337.50, and the total underpayment of that period of time was $4,387.50. From June 5, 2024, until September 4, 2024, Plaintiff was paid $27 per hour, the underpayment per week was $337.50, and the total underpayment of that period of time was $4,387.50.

33. Plaintiff VERA did not work at his own convenience but was required to report to work in accordance with a work schedule devised by Defendants. Moreover, once scheduled for a shift, Plaintiff VERA did not come and go at his pleasure but rather was controlled by Defendants.

34. Plaintiff VERA was a covered employee within the meaning of the FLSA and the NYLL and was not exempt thereunder as his employment position and assignments were not "professional," "executive" or even "administrative" and did not require discretion nor independent judgment. Plaintiff VERA work is properly characterized as menial physical labor.

35. Plaintiff VERA regularly handled goods in interstate commerce and other items produced outside of the State of New York.

36. Plaintiff worked without appropriate overtime wages from the beginning and until the end of his employment with Defendants, a violation which we contend was done willfully by the Defendants.

37. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff VERA regarding wages as required under the FLSA and NYLL.

**Defendants' General Employment Practices**

40. As part of their regular business practices, Defendants willfully required Plaintiff OSCAR VERA to work beyond his scheduled hours without paying him the proper overtime wages as required by federal and state laws. For instance, Defendants required Plaintiff to work additional hours from April 2022 until September 4, 2024, without providing the requisite overtime compensation.

41. By such common policy and practice, Defendants willfully violated Plaintiff's rights under the FLSA and New York Labor Law by not paying him the wages he was owed for the hours he had worked.

42. Defendants willfully failed to post the statutorily required wage and hour posters and did not provide Plaintiff OSCAR VERA with statutorily required wage and hour records or statements of pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to exploit the Plaintiff's limited understanding of wage and hour laws.

43. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (i) his full hours worked, (ii) overtime wages.

**FIRST CAUSE OF ACTION**
**(Violation of FLSA Overtime Wage Provisions (29 U.S.C. § 206, 207)**

47. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

48. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 USC § 203(d). Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine

the rate and method of any compensation in exchange for his employment. For instance, Defendants were directly involved in the hiring process of the Plaintiff, with Defendant BENJAMIN BERKOWITZ personally conducting the interview and offering the job to the Plaintiff. Defendants also exercised control over Plaintiff's work schedule, with Defendant BERKOWITZ regularly setting his weekly work hours, and even adjusting them on several occasions without prior notice. Defendants assigned daily tasks to Plaintiff, with specific instructions on how to perform them, and provided direct supervision, with Defendant BERKOWITZ frequently monitoring Plaintiff's work and providing feedback. This close and direct involvement by the Defendants establishes a clear employer-employee relationship.

49. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce, and as such constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 USC § 203 (r-s).

50. Defendants, in violation of the FLSA, failed to pay Plaintiff the applicable overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, which constitutes a breach of 29 U.S.C.§ 207 (a)(1).

51. Defendants' failure to pay Plaintiff the applicable overtime wage was willful within the meaning of 29 U.S.C.§ 255(a).

52. Defendants acted willfully in their violations of the FLSA's requirements, causing an injury in fact to the plaintiff.

53. Plaintiff (and the FLSA class members) seeks damages for his unpaid lawful overtime wages, liquidated damages as provided by the FLSA for wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper. Damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
**(Unpaid Overtime Wages Under New York Labor Law)**

54. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

55. Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiff the applicable overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

56. Defendants' failure to pay Plaintiff overtime wages was willful within the meaning of N.Y.Lab.Law § 663.

57. Due to Defendants' willful violations of the NYLL, Plaintiff OSCAR VERA is entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

60. Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000) pursuant to NYLL § 198 (1-b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff OSCAR VERA respectfully requests that this Court enter judgment against Defendants BHG GROUP LLC and BENJAMIN BERKOWITZ, as follows:

   a. Designation of this action as a collective action on behalf of the FLSA Class Members (asserting FLSA claims and state claims) and prompt issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly

situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

    b.    Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff;

    c.    Declaring that Defendants have willfully violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

    d.    Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C.§ 216(b);

    e.    Awarding Plaintiff damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

    f.    Awarding Plaintiff damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages;

    g.    Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime wage compensation shown to be owed pursuant to NYLL § 663 as applicable;

    h.    Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

    i.    Awarding Plaintiff the expenses incurred in this action,

including costs and attorney's fees; and

j.  All such other and further relief as the Court deems just and proper.

k.  An award of statutory damages for Defendants' willful failure to provide Plaintiff with wage notices at the time of his respective hiring, or at any point thereafter. This failure caused substantial injury in fact to the Plaintiff as he was unable to accurately determine his owed wages, leading to significant financial losses, emotional distress, and other associated damages, in violation of NYLL § 198 (1-b);

l.  An award of pre-judgment interest of nine percent per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

m.  An award of post-judgment interest pursuant to 28 U.S.C. §

Dated: New York, New York
September 11, 2024

LINA STILLMAN, ESQ.

_____
Lina Stillman, Esq.
Attorneys for Plaintiff
Stillman Legal, P.C.
42 Broadway, 12th Floor
New York, New York 10004
Tel (212) 203-2417
www.StillmanLegalPC.com